## WILLIAMS v. STATE. (5 Div. 839.)

(Supreme Court of Alabama. Jan. 4, 1923.)

**1. Homicide ⬅➡309(3)—Instructions on sudden passion properly refused as abstract.**

In a prosecution for murder, where the evidence showed that deceased, a woman, was pursuing and about to assault defendant with a knife, defendant's requested instructions as to manslaughter, and sudden passion, adequately provoked, were properly refused as abstract and inapplicable to the evidence.

**2. Homicide ⬅➡165—Instruction as to relations between defendant and deceased irrelevant.**

In a prosecution for murder, the fact that defendant and deceased had cohabited as man and wife under mutual agreement they were common-law husband and wife was irrelevant to the issues involved.

Appeal from Circuit Court, Chilton County; B. K. McMorris, Judge.

George Williams was convicted of murder in the first degree, and he appeals. Affirmed.

Charges 23, 25, and 31, refused to the defendant, are as follows:

"(23) I charge you, gentlemen of the jury, that for provocation to be sufficient to reduce killing to manslaughter it must not be such as to entirely dethrone reason, but such that suspends the exercise of judgment and dominates volition so as to exclude premeditation and a previously formed design.

"(25) Malice, express or implied, distinguishes murder from manslaughter; and a sudden transport of passion, caused by adequate provocation, if it suspends the exercise of judgment, and dominates volition, so as to exclude premeditation and a previously formed design, although it does not entirely dethrone reason, is sufficient to reduce killing to manslaughter.

"(31) I charge you, gentlemen of the jury, that, if you believe from the 'evidence that George Williams and Nettie Turnbolt did mutually agree to live together as man and wife, and if you further believe that this agreement was followed by cohabitation, then George Williams and Nettie Turnbolt are to be considered husband and wife for all intents and purposes."

Reynolds & Reynolds, of Clanton, for appellant.

Charges 23 and 25 are correct propositions of law, and their refusal was error. 119 Ala.

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 117.

1, 25 South. 255; 161 Ala. 52, 50 South. 59; 83 Ala. 26, 3 South. 551; 64 Fla. 165, 59 South. 561; 186 Ala. 14, 65 South. 160; 93 South. 55. The difficulty started in the house where defendant and deceased were living as man and wife, from which defendant fled to the house from which he was later forced to shoot to protect his life. Charge 31 was therefore not abstract, and should have been given. 55 Ala. 148; 127 Ala. 301, 28 South. 715; 119 Ala. 627, 24 South. 374.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

McCLELLAN, J. The defendant, appellant, was convicted of murder in the first degree, and the penalty fixed at life imprisonment. The victim was Nettie Turnbolt. The defendant admitted the killing, but sought to justify his act through self-defense. The theory advanced by the state's testimony went to show an utterly inexcusable murder of the woman. The justification asserted was predicated on these circumstances presented in testimony offered for defendant: That the woman was living with one Snow, another negro; that Snow left temporarily; that defendant then took Snow's place in the adulterous relation with Nettie; that to enable defendant to continue in a game defendant was furnished a small sum of money by Nettie; that defendant won, and Nettie took some or all of this money; that later Snow returned, and defendant's relation with the woman ceased; that shortly thereafter defendant demanded the money from Nettie, whereupon, after some words, Nettie drew a knife, and chased defendant into another house near by; and that defendant shot the woman as she advanced to assault him with the knife.

[1] There was no evidence of any circumstances that even tended to refer defendant's act in shooting the woman to sudden passion, adequately provoked. Hence there was no error in refusing defendant's special requests for instructions numbered 23 and 25. It is not error to refuse an abstract instruction.

[2] Whether the relation existing between defendant and the woman was that of husband and wife at common law was entirely irrelevant to the issues involved. Even if she had been his lawful wife, in the determination of his guilt or innocence that fact would not have been material evidence on the trial. The court properly refused defendant's request numbered 31.

There is no error in the record. The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.